# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Estate of: | No. 57492-6-II |
| GORDON M. OCHS, | |
| Deceased. | UNPUBLISHED OPINION |

CRUSER, A.C.J. – Sarah Ochs was married to Gordon Ochs when he passed away in 2009. Ten months after Gordon's[1] death, Sarah filed a petition for a family support award. The parties submitted a stipulation and order dismissing Sarah's claims against the Estate on the condition that Sarah would be able to receive payments from Gordon's life insurance policy, and probate proceedings ended in 2011. When Sarah was unable to receive any payments because the plan named Gordon's ex-wife as the beneficiary, she sought to reopen the estate. Several years later, the court granted one of her petitions to reopen the estate, but then later dismissed her petition for a family support award as untimely under the relevant statute. Sarah sought reconsideration of the trial court's decision, but her motion was denied. Sarah appeals, arguing that her initial petition was timely filed. Both parties seek attorney fees on appeal.

We agree with Sarah and hold that the trial court erred by dismissing her petition, and by denying her motion for reconsideration, because her initial petition was timely under RCW

---

[1] Because the decedent, the appellant, and the decedent's ex-wife all share the same last name, we refer to these parties by their first names to improve readability.

1

11.54.010. Accordingly, we reverse and remand for proceedings consistent with this opinion. In addition, we award attorney fees to Sarah in an amount to be determined by the court commissioner.

FACTS

Gordon passed away in July 2009, and probate proceedings were initiated about two months after his death. Gordon's will left his residence to his daughter but provided a life estate for Sarah, his surviving spouse.

Sarah first filed a petition for a family support award in May 2010. Her petition alleged that she was informed that she could only reside at the home if she made payments toward its taxes, mortgage, maintenance, and future repairs, which she did not believe she could afford. As a result, she began living in a one-bedroom apartment rather than continuing to live at the home. Sarah sought an award of $17,341.12 in lieu of her life estate in the home.

In June 2011, Sarah came to an agreement with the Estate, and the parties filed a stipulation and order. The stipulation provided that Gordon held a life insurance policy with Prudential Financial from which he received retirement benefits during his lifetime. Victoria Ochs, Gordon's ex-wife, was the named beneficiary under the plan. It was the parties' understanding that this designation was automatically revoked pursuant to state statute when Gordon and Victoria divorced in 2002. Accordingly, the stipulation claimed, "The Annuity is an asset of the Decedent's estate." Clerk's Papers (CP) at 10.

Therefore, Sarah and the Estate agreed that the personal representative would assign to Sarah all payments from the annuity since Gordon's death. In addition, the Estate would pay

$5,000, and Sarah agreed to dismiss her claims against the Estate. The parties' agreement was "contingent, however, upon [ ] Prudential paying out the annuity to Sarah." *Id.* at 11.

Probate proceedings concluded in December 2011. In May 2013, Sarah filed a petition to reopen the estate[2] because Prudential would not distribute any payments to Sarah without a waiver from Victoria, who refused to sign a waiver. The court held a hearing in July 2013 and denied the petition. The docket entry for the hearing stated that it was not an appropriate remedy to reopen the estate and that Sarah's claim "must be pursued with Prudential and [Victoria.]" *Id.* at 17. In January 2014, Sarah filed a motion asking the court to find Prudential in contempt for failure to issue payments to Sarah under the terms of the court's 2011 order.

There is no record of any other filings in the case until March 2016, when Sarah once again petitioned to reopen the estate. In this petition, Sarah claimed that in response to her motion for contempt, Prudential's position was that it would only make payments to Sarah following a Qualified Domestic Relations Order (QDRO) requiring it to do so. She submitted a declaration from "a QDRO expert," *Id.* at 30, who stated that the 2011 stipulation and order had no effect on benefits payable under the annuity, that a QDRO would similarly not allow Sarah to collect any benefits under the annuity, and that the annuity was never an asset of the estate. Because the parties' stipulation and order entered in 2011 was contingent on Sarah receiving annuity payments under the guise that the annuity was an asset of the estate, Sarah asked the court to reopen the estate so that she could receive a family support award as she had initially requested, or a life estate in the home in the alternative.

---

[2] The petition was made under RCW 11.76.250, which provides: "A final settlement of the estate shall not prevent a subsequent issuance of letters of administration . . . if it should become necessary and proper from any cause that letters should be again issued."

There is no record of any other filings in the case until October 2018, when the trial court entered an order to reopen the estate. The court found that it was "necessary and proper" to reopen the estate because Sarah had not been able to receive monthly annuity payments from Prudential. Accordingly, the court's order also set aside the 2011 stipulation and order.

Again, there are no other filings in our record until September 2021, when Sarah filed an amended petition for a family support award. Sarah claimed that "the basic family support award" under chapter 11.54 RCW was $125,000, but she had already received $5,000 from the Estate pursuant to the 2011 agreement and a firearm valued at $1,000, so she requested an award of $119,000. *Id.* at 33.

There is, again, no record of any other filing in the case until July 2022, when the trial court issued an "Order on Jurisdiction of Court." *Id.* at 35. The court found that, after Sarah successfully petitioned to reopen the estate in 2016, the parties engaged in mediation and further negotiations in an attempt to re-settle Sarah's claims. However, these efforts were apparently unsuccessful, and Sarah requested an evidentiary hearing in February 2022. The court further "found that it has no jurisdiction to hear the merits of the matter under RCW 11.54.010(3) because of the time bar of 6 years from the date of death." *Id.* at 36. The court closed probate proceedings and dismissed Sarah's petition. The court's order did not indicate whether the petition being dismissed was Sarah's initial petition filed in 2010 or her amended petition filed in 2021.

Sarah appeals the court's order dismissing her petition.

DISCUSSION

DISMISSAL OF PETITION FOR FAMILY SUPPORT AWARD

Sarah argues that the filing of her initial petition should control, which was within 18 months of Gordon's death, so the trial court erred in dismissing her petition as being outside of the 6-year time bar. The Estate argues that the filing of Sarah's amended petition should control, which was more than 6 years after Gordon's death, so the trial court correctly dismissed the petition.[3] We agree with Sarah.

A. LEGAL PRINCIPLES

Under RCW 11.54.010(1), the surviving spouse of a decedent may file a petition with the court seeking an award from the decedent's property. The statute provides the following regarding the timing of the petition:

> The court may not make this award unless the petition for the award is filed before the earliest of:
> (a) Eighteen months from the date of the decedent's death if within twelve months of the decedent's death either:
> (i) A personal representative has been appointed; or
> (ii) A notice agent has filed a declaration and oath . . . ; or

---

[3] The Estate asks us to dismiss this appeal because (1) Sarah's notice of appeal was filed more than 30 days after the trial court's order dismissing the petition, and (2) Sarah's statement in lieu of filing the statement of arrangements was filed 2 days late. The court's order on jurisdiction was entered on July 26, 2022, and Sarah's notice of appeal was filed on October 12, 2022. However, her notice of appeal attached an order denying her motion for reconsideration, which was entered on September 13, 2022. Therefore, her notice of appeal was timely filed. *See* RAP 5.2(e). Although Sarah does not provide separate argument related to the trial court's denial of her motion to reconsider, the order denying reconsideration was necessarily erroneous in light of our holding and is likewise reversed. Regarding the statement in lieu of filing the statement of arrangements, generally, the consequence for late filing of such a statement would be sanctions, not dismissal of the appeal. RAP 1.2(b) (if a party "should" do something under the rules, "[t]he court will ordinarily impose sanctions if the act is not done within the time . . . specified"), 9.2(a) ("If the party seeking review does not intend to provide a verbatim report of proceedings, a statement to that effect *should* be filed in lieu of a statement of arrangements within 30 days after the notice of appeal was filed.") (emphasis added).

(b) The termination of any probate proceeding for the decedent's estate that has been commenced in the state of Washington; or
(c) Six years from the date of the death of the decedent.

RCW 11.54.010(3). When the issue on appeal is "whether the trial court properly applied the provisions of chapter 11.54 RCW," we review the meaning of the statute de novo. *In re Matter of Estate of Hein*, 17 Wn. App. 2d 243, 253-54, 485 P.3d 953 (2021).

B. ANALYSIS

Sarah argues that the trial court erred by dismissing her petition because her original petition for a family support award was filed within 18 months of Gordon's death pursuant to RCW 11.54.010(3). We agree.

Gordon passed away in July 2009, and a personal representative was appointed within 12 months of his death. This would mean that 18 months from the date of Gordon's death would be January 2011, and 6 years from the date of his death would be July 2015. Probate proceedings concluded in December 2011. RCW 11.54.010(3) requires a petition to be filed at the *earliest* event listed under the statute, which, here, would be January 2011, 18 months after Gordon's death.[4]

Sarah's first petition was filed in May 2010. The Estate appears to concede that Sarah's first petition was timely filed, but goes on to argue that it is "against public policy to hold open a claim indefinitely, or to hold the position that once a party has timely filed a claim, and the matter subsequently closed, that moving party can pursue said claim at any later time, even beyond any normal statute of limitations," even when the initial claim is timely filed. Br. of Resp't at 6. But there is no record of the Estate appealing the trial court's 2018 order reopening the estate. The

---

[4] Accordingly, the trial court's belief that the relevant date was six years from the date of Gordon's death was incorrect.

effect of the trial court's order dismissing Sarah's petition was to vacate the unappealed order reopening the estate, which the court had no authority to do sua sponte.

To the extent that the trial court framed the issue as a jurisdictional one, it is clear that the court had jurisdiction to hear Sarah's petition. Once the estate was reopened in 2018, all pending issues in the case were reopened. This included Sarah's original petition because the trial court's order reopening the estate also set aside the 2011 stipulation and order. Therefore, even though the court's order did not specify which petition it was dismissing (Sarah's initial petition or her amended petition), the dismissal of her petition was error because her initial, timely filed petition was revived when the estate was reopened.[5]

Because Sarah's initial petition was filed within 18 months of Gordon's death, we reverse the trial court's order dismissing her petition and remand for proceedings consistent with this opinion.

---

[5] We note that, in support of the Estate's argument that it would be against public policy to hold that Sarah's petition was timely filed, the Estate makes several assertions that Sarah failed to pursue her claims. These statements are contrary to the record, which reflects that Sarah sought to reopen the estate when it became evident that she would not receive any annuity payments from Prudential, the parties engaged in mediation and further negotiations once the estate was reopened, and Sarah sought the court's intervention when these efforts were unsuccessful. The Estate additionally misrepresents the record by claiming that when probate proceedings concluded in December 2011, "it was known to all parties that the Prudential Annuity was not an asset of the estate and not assignable by the Personal Representative, but was in fact a non-probate asset held by Vicky Ochs, . . . who would need to execute the transfer to [Sarah]." Br. of Resp't at 2. This is directly contrary to the parties' stipulation that explicitly states, "The Annuity is an asset of the Decedent's estate." CP at 10.

ATTORNEY FEES

Both parties request attorney fees under RAP 18 and RCW 11.96A.150.

Under RAP 18.1(a), a party may request reasonable attorney fees if "applicable law" provides for the recovery of fees. RCW 11.96A.150(1) states:

> Either the superior court or any court on appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party. . . . The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which facts may but need not include whether the litigation benefits the estate or trust involved.

We exercise our discretion and grant Sarah's request for attorney fees on appeal in an amount to be determined by the court commissioner.

CONCLUSION

We hold that Sarah's initial petition was timely filed, and it was revived by the order reopening the estate. Therefore, the trial court erred in dismissing her petition on the basis that six years had passed since Gordon's death at the time the court was considering Sarah's amended petition. Accordingly, we reverse both the trial court's "Order on Jurisdiction of Court" and the trial court's order denying reconsideration and remand for proceedings consistent with this opinion. We also award Sarah attorney fees in an amount to be determined by the court commissioner.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

8

No. 57492-6-II

CRUSER, A.C.J.

We concur:

MAXA, J.

PRICE, J.

9